Charles M. Lizza
William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Incyte Corporation and*
*Incyte Holdings Corporation*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **INCYTE CORP. and INCYTE HOLDINGS CORP.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**TARO PHARMACEUTICALS INC.,**<br><br>**Defendant.** | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiffs Incyte Corporation and Incyte Holdings Corporation (together, "Incyte"), by their undersigned attorneys, for their Complaint against Defendant Taro Pharmaceuticals Inc. ("Taro"), allege as follows:

**Nature of the Action**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, arising from Taro's submission of Abbreviated New Drug Application ("ANDA") No. 219040 ("Taro's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic version of Incyte's Opzelura® (ruxolitinib) drug product prior to the

1

expiration of United States Patent No. 12,226,419 (the "'419 patent" or "the patent-in-suit"). The patent-in-suit is owned by Incyte Corporation and/or Incyte Holdings Corporation.

## The Parties

2. Plaintiff Incyte Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

3. Plaintiff Incyte Holdings Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

4. On information and belief, Defendant Taro is a corporation organized and existing under the laws of Canada, having a place of business at 130 East Drive, Brampton, Ontario L6T 1C1, Canada.

## The Patent-in-Suit

5. On February 18, 2025, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '419 patent, entitled, "Topical Formulation for a JAK Inhibitor." A copy of the '419 patent is attached hereto as Exhibit A.

## The Opzelura® Drug Product

6. Incyte Corporation holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a) for Opzelura® (ruxolitinib) cream (NDA No. 215309).

7. The claims of the patent-in-suit cover, *inter alia*, pharmaceutical compositions comprising ruxolitinib.

8. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patent-in-suit is listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Opzelura®.

## Jurisdiction and Venue

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10. On information and belief, Taro is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

11. This Court has personal jurisdiction over Taro pursuant to Federal Rule of Civil Procedure 4(k)(2), including because: (a) Incyte's claims arise under federal law; (b) Taro is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Taro has sufficient contacts with the United States as a whole, including, without limitation, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Taro satisfies due process.

12. On information and belief, Taro submitted ANDA No. 219040 seeking FDA approval to engage in the manufacture, use, importation, distribution, offer to sell, and/or sale of the generic drug product that is the subject of Taro's ANDA ("Taro's Proposed Product"), throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the patent-in-suit.

13. On information and belief, this Judicial District is a likely destination for Taro's Proposed Product.

14. On information and belief, Taro intends to benefit directly if its ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of Taro's Proposed Product.

15. Taro has purposefully availed itself of the rights, benefits, and privileges of New Jersey, including by asserting counterclaims in this Court. *See, e.g.*, *Incyte Corp., et al. v. Taro Pharm. Inc., et al.*, No 25-1858 (D.N.J.), *Currax Pharms. LLC v. Taro Pharm. Indus., Ltd., et al.*, No. 24-7446 (D.N.J.); *Galderma Labs., LP, et al. v. Taro Pharm., Inc., et al.*, No. 24-333 (D.N.J.); *Bausch Health Ireland Ltd., et al. v. Taro Pharm., Inc., et al.*, No. 23-2684 (D.N.J.).

16. Venue is proper in this Judicial District for Taro pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), including, for example, because Taro is a company organized and existing under the laws of Canada and may be sued in any judicial district.

## Acts Giving Rise To This Suit

17. Pursuant to Section 505 of the FFDCA, Taro submitted ANDA No. 219040 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Taro's Proposed Product before the patent-in-suit expires.

18. On information and belief, following FDA approval of Taro's ANDA, Taro will make, use, sell, or offer to sell Taro's Proposed Product throughout the United States, and/or import such generic product into the United States.

19. On information and belief, in connection with the submission of ANDA No. 219040 as described above, Taro provided a written certification to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Taro's Paragraph IV Certification"), alleging that the claims of the patent-in-suit are invalid and/or will not be infringed by the activities described in Taro's ANDA.

20.     No earlier than April 22, 2025, Taro sent to Incyte a written notice of Taro's Paragraph IV Certification ("Taro's Notice Letter"). Taro's Notice Letter alleged that the claims of the patent-in-suit are invalid and/or will not be infringed by the activities described in Taro's ANDA. Taro's Notice Letter conveyed that Taro seeks approval to market Taro's Proposed Product before the patent-in-suit expires.

### Count I: Infringement of the '419 Patent

21.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

22.     Taro's submission of ANDA No. 219040, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Taro's Proposed Product, prior to the expiration of the '419 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

23.     There is a justiciable controversy between the parties hereto as to the infringement of the '419 patent.

24.     Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will infringe one or more claims of the '419 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.

25.     Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will induce infringement of one or more claims of the '419 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States. On information and belief, upon FDA approval of Taro's ANDA, Taro will intentionally

encourage acts of direct infringement with knowledge of the '419 patent and knowledge that its acts are encouraging infringement.

26. Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will contributorily infringe one or more claims of the '419 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States. On information and belief, Taro has had and continues to have knowledge that Taro's Proposed Product is especially adapted for a use that infringes one or more claims of the '419 patent and that there is no substantial non-infringing use for Taro's Proposed Product.

27. Incyte will be substantially and irreparably damaged and harmed if Taro's infringement of the '419 patent is not enjoined.

28. Incyte does not have an adequate remedy at law.

29. This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Incyte respectfully request the following relief:

(A) A Judgment that Taro has infringed the patent-in-suit by submitting ANDA No. 219040 with the accompanying Paragraph IV Certification and notice to Incyte of same;

(B) A Judgment that Taro has infringed, and that Taro's making, using, selling, offering to sell, and/or importing Taro's Proposed Product will infringe one or more claims of the patent-in-suit;

(C) An Order that the effective date of FDA approval of ANDA No. 219040 be a date which is not earlier than the later of the expiration of the patent-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(D) Preliminary and permanent injunctions enjoining Taro and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from making, using, offering to sell, selling, and/or importing Taro's Proposed Product until after the expiration of the patent-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(E) A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Taro, its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from practicing any of the subject matter claimed in the patent-in-suit, or from actively inducing or contributing to the infringement of any claim of the patent-in-suit, until after the expiration of the patent-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(F) A Judgment that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Taro's Proposed Product will directly infringe, induce infringement of, and/or contribute to infringement of the patent-in-suit;

(G) To the extent that Taro, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, has committed any acts with respect to the subject matter claimed in the patent-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Incyte damages for such acts;

(H) If Taro, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, engages in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Taro's Proposed Product prior to the expiration of the patent-in-suit, a Judgment awarding damages to Incyte resulting from such infringement, together with interest;

(I) A Judgment declaring that the patent-in-suit remains valid and enforceable;

(J) A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Incyte its attorneys' fees incurred in this action;

(K) A Judgment awarding Incyte its costs and expenses incurred in this action; and

(L) Such further and other relief as this Court may deem just and proper.

Dated: June 4, 2025

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Andrew S. Chalson
Catherine T. Mattes
Marta A. Godecki
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 5th Avenue
New York, New York 10016
(212) 849-7000

Jihong Lou
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8000

By: s/ Charles M. Lizza
Charles M. Lizza
William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs
Incyte Corporation and
Incyte Holdings Corporation*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify, to the best of my knowledge, that this matter is related to *Incyte Corp., et al. v. Padagis Israel Pharmaceuticals Ltd.*, No. 25-5380 (MCA)(SDA) (D.N.J.), *Incyte Corp., et al. v. Padagis Israel Pharmaceuticals Ltd.*, No. 23-21826 (MCA)(SDA) (D.N.J.), and *Incyte Corp., et al. v. Taro Pharmaceuticals Inc., et al.*, No. 25-1858 (MCA)(SDA) (D.N.J.) because it involves the same Plaintiffs, the same drug product, and for one of the matters (*Incyte Corp., et al. v. Taro Pharmaceuticals Inc., et al.*, No. 25-1858), the same defendant.

I further certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

| | |
|---|---|
| Dated: June 4, 2025 | By: s/ Charles M. Lizza |
| | Charles M. Lizza |
| *Of Counsel*: | William C. Baton |
| | Sarah A. Sullivan |
| F. Dominic Cerrito | Alexander L. Callo |
| Eric C. Stops | SAUL EWING LLP |
| Andrew S. Chalson | One Riverfront Plaza, Suite 1520 |
| Catherine T. Mattes | Newark, New Jersey 07102-5426 |
| Marta A. Godecki | (973) 286-6700 |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | clizza@saul.com |
| 295 5th Avenue | *Attorneys for Plaintiffs* |
| New York, New York 10016 | *Incyte Corporation and* |
| (212) 849-7000 | *Incyte Holdings Corporation* |
| | |
| Jihong Lou | |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | |
| 1300 I Street NW | |
| Suite 900 | |
| Washington, D.C. 20005 | |
| (202) 538-8000 | |